# Pullman's Palace Car Company *versus* Commonwealth [No. 1].

1. Under the seventh section of the Revenue Act of June 7th, 1879 (P. L. 112), Pullman's Palace Car Company, a corporation chartered under the laws of the State of Illinois, is taxable by the Commonwealth of Pennsylvania upon its gross receipts derived from all sources from its business carried on within the State of Pennsylvania, including receipts derived from passengers travelling in the cars of said corporation passing into, through and out of said state.

2. Such construction of said Act of 1879 does not render it obnoxious to the provision of the Federal Constitution regulating inter-state commerce.

June 6th, 1884.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Dauphin county :* Of May Term, 1883, No. 36.

This case was, in the court below, an appeal by Pullman's Palace Car Company from a settlement of account by the accounting officers of the Commonwealth, charging the said corporation with the sum of $1,395.17, for tax on gross receipts, under the seventh section of the Act of June 7th, 1879 (P. L. 112), for six months ending December 31st, 1882, at the rate of eight tenths of one per cent., said gross receipts "derived from all sources in the State of Pennsylvania," amounting, as per report filed, to $174,396.35.

The company appealed from said settlement and filed the following specifications of objection :

The said settlement is erroneous and illegal because :

1. The Act of June 7th, 1879, taxes only receipts derived from " tolls and transportation, telegraph business or express business," and as stated in the report upon which the account hereby appealed from purports to be based, no part of the receipts upon which the tax is charged was derived from such sources.   Pullman's Palace Car Company has no authority to engage in the business of transportation, and has never, in any way, either directly or indirectly, engaged in the business of transporting either freight or passengers, nor derived any receipts whatever from such business.

2. Pullman's Palace Car Company is a corporation of the State of Illinois, and at the time when the tax claimed is alleged to have accrued, or become due, and also at the time of the settlement of the account by the Auditor General, the receipts upon which tax is charged were the personal property of said company, at Chicago, Illinois, mingled with its other

receipts and personal property, and were not subject to taxation by the State of Pennsylvania.

3. The taxation by the State of Pennsylvania of property owned in Illinois by a corporation of Illinois, is in violation of a necessary implication of the Constitution of the United States, that each state shall have jurisdiction only over property within its territorial limits.

4. If the Act of June 7th, 1879, imposes a tax upon the receipts of Pullman's Palace Car Company, then the said Act is in violation of clause four, section eight, of article one of the Constitution of the United States, and therefore is void.

The case was, by agreement, as provided in the Act of April 22d, 1874, tried without a jury, before SIMONTON, P. J., whose findings of fact and conclusions of law were as follows:

Defendant is an Illinois corporation, with its principal office in Chicago. It has authority, by its charter, " to manufacture, construct and purchase railway cars with all convenient appendages and supplies *for persons travelling thereon*, and the same may sell or *use* or permit to be used *in such manner* and upon such terms as the said company may think fit and proper."

During all the period for which tax is charged in this case, it had and still has contracts to furnish, and did and does furnish to many railroad companies, in this and other states, sleeping and parlor cars to be run upon the roads of said companies on the following terms: The cars furnished by defendant are attached to and made part of the trains upon said railroads, no charge being made by either party against the other. The railroad companies sell the usual tickets or collect the usual fare from passengers, which entitles them to travel on the train, but does not give them the right to be transported in the defendant's cars. For this right an additional sum is paid to the defendant, which entitles the passenger to be transported in the cars of defendant, and to the use of the sitting and sleeping accommodations with which they are furnished while being so transported.

Most of these cars run and carry their passengers from some other state into Pennsylvania, or from the latter into some other state, and many of them run continuously through this state.

The cars used or furnished by the defendant to railroads in Pennsylvania were leased by it from a corporation of this state known as the Central Transportation Company, to which defendant paid an annual rental during the period for which tax is charged in this case, which exceeded the amount of the gross receipts accruing to it for business done in this state.

[Palace Car Co. *v.* Commonwealth.]

Said Central Transportation Company has regularly paid all taxes claimed from it by the state.

The gross receipts upon which tax is charged in the settlement appealed from accrued from the business carried on by defendant in this state, in the manner above stated, a large portion thereof having been received from passengers carried into, out of, or through the state. These receipts went into the general treasury of the company.

Defendant, on these facts, denies all liability for tax upon gross receipts in this state—

First. Because the Act of June 7th, 1879, under which the tax is charged, taxes only receipts derived from " tolls and transportation, telegraph and express business," and defendant claims " that no part of the receipts upon which tax is charged was derived from such sources."

This raises the question whether the receipts of defendant derived from its business, conducted as above stated, were, within the intent and meaning of said Act, paid to it " for transportation ; " it not being pretended by any one that they were paid either for tolls, telegraph, or express business. A careful examination of section seven of the Act will show that its scope extends beyond companies engaged directly in the business of " transporting freight or passengers." It imposes the tax upon " every company . . . . . leasing to or from another corporation, company, or limited partnership any . . . . . device for the transportation of freight or passengers ; " it includes " any palace car and sleeping car company," and it provides that " where the works of one corporation, company, or limited partnership are leased to or operated by another corporation, company, or limited partnership, " they shall adjust the taxes between them, but " the Commonwealth shall first look to the corporation, company, or limited partnership operating the works," and if the tax is paid by them the lessor company " shall not be held liable under this section for any tax upon the proportion of said receipts received by it as rental for the use of said works."

It appears, therefore, from the express language of the Act, that any company leasing to another " any device for the transportation of freight or passengers," is liable to the tax, and that the rental received is understood by the Act itself to be received " for transportation."

But, apart from the interpretation which the scope of the Act requires to be put upon the terms "for transportation," let us endeavor to ascertain what is the precise nature of the business in which defendant is engaged, as shown by the facts found. It is the owner or lessee of the cars for which consideration of the receipt of the ordinary fare from those who

[Palace Car Co. v. Commonwealth.]

use them, the railroad companies agree to furnish the motive power to draw them. And for the consideration of the use of this motive power, the defendant agrees that the railroad companies may receive the ordinary fare. But the payment of this does not entitle the passenger to be transported in defendant's cars, nor do the railroad companies undertake so to transport him. For this privilege he must pay an additional price to the defendant, and if this did not entitle him to be so transported, he would never pay it. The main purpose of the passenger in taking his seat or sleeping-berth in defendant's car, is to be transported. The sitting on one of their chairs—more comfortable, perhaps, than a seat in the first-class railroad car—or lying in one of their berths, is a mere incident. The passenger is influenced by precisely the same motives and feelings as he is who pays full fare, and travels in a first-class car, instead of taking second-class at a reduced rate. In either case the price paid is primarily for transportation, the only difference being that in one case a higher price is paid for better accommodations by the way. If the railroad companies owned the palace and sleeping cars, and charged those passengers who chose to travel in them a higher rate of fare than those paid who travelled in their other cars, no one would think of claiming that the sum realized from the difference of rate, was not received " for transportation," but that the transaction is divided between the two cannot change its essential character.

[We hold, therefore, that both by the terms of the Act of June 7th, 1879, and from the nature of the business transacted by defendant in this state, the gross receipts reported by it were received " for transportation," and are taxable and properly taxed in the settlement appealed from in this case.]

We do not intend to decide anything as to the receipts for meals furnished to passengers " en route." There is nothing in the case to show that there are any such included in the sum taxed, and if there be, defendant has not shown that fact, and it is not, therefore, in the case.

Second. Defendant contends that these gross receipts are not taxable in this state, because it is an Illinois corporation, and at the same time the tax was claimed, and the settlement was made, these receipts were the personal property of the company at Chicago, mingled with its other property, and that the taxation of property owned in Illinois, by a corporation of that state, is forbidden by the Constitution of the United States.

We are not aware that there is any provision in the Constitution of the United States which forbids the taxation of personal property without the jurisdiction of the state, if its owner

be within the jurisdiction.   The state must have jurisdiction of the property or the person, but not necessarily of both. Here, the defendant doing business within the state, is within its jurisdiction, and its right and power to tax the property acquired here, cannot be defeated by removing the property beyond its border.

[We hold that the gross receipts of defendant accruing from business done in Pennsylvania are legally taxable here, although they may have gone into its general treasury in Chicago before the tax became due, and that such taxation is not forbidden by the Constitution of the United States.]

Third.  Defendant contends—and in doing so, as we understand it, merely makes the second objection, which we think is involved in this, more specific—that "if the Act of June 7th, 1879, imposes a tax upon receipts of defendant, said Act is in violation of clause four, section eight, of article one of the Constitution of the United States, and therefore void."

This objection cannot be sustained.   The point has been settled for the present, at least, by the case of State Tax on Railway Gross Receipts, 15 Wallace 284.   There was a strong dissenting opinion by Mr. Justice MILLER, concurred in by two other judges, in that case, but until it is, if ever, overruled, we· are bound by it, and so long as the court which decided it does not restrict it to the case of corporations chartered by the state imposing the tax we shall not undertake to do so.

[We decide that the Act of June 7th, 1879, does impose a tax upon the receipts of the Pullman Palace Car Company, and in doing so does not violate clause four, section eight, of article one of the Constitution of the United States.]

Upon the whole case defendant is liable to the tax charged in the settlement, the amount of which is as follows :

Amount of settlement dated March 15th, 1883 . $1,395.17
Attorney General's commission   .     .     .         69.75
                                                    ———————
Total     .     .     .     .·     .     .     . $1,464.92

For which sum let judgment be entered in favor of the Commonwealth and against defendant, unless exceptions be filed according to law.

The defendant filed exceptions to the portions of the foregoing decision inclosed within brackets, which exceptions the court overruled, and judgment was duly entered for the Commonwealth in accordance with the decision ; whereupon the defendant took this writ of error, assigning for error the overruling of said exceptions and the said judgment.

*M. E. Olmsted* and *O. A. Lochrane*, for the plaintiff in

error.—The seventh section of the Act of June 7th, 1879, under which this tax is claimed, does not apply to all corporations, nor to all the receipts of such corporations as may be in terms mentioned in it, but only to such receipts as are derived from "tolls and transportation, telegraph business, or express business." If this company has no receipts from transportation it is not liable for this tax. Its relation to the railroad companies has been the subject of judicial investigation in the state which created it a corporation, and is thus tersely stated by SHELDON, J., in Pullman's Palace Car Company v. Chester M. Smith, 73 Ill. 360: " The company has no interest in the fare paid by the passenger to the railroad company for transportation, and the railroad has no interest in the prices paid the Pullman's Palace Car Company for berths; the latter receive pay for sleeping accommodations, none whatever for transportation." The company, as may be seen from its charter, has none of the powers incident to a transportation company. It manufactures and owns, or leases, cars known as sleeping coaches and hotel cars, which it permits to be used upon railroads. It has no right of eminent domain, no railroad or motive power. The railroad company alone transports the passengers. The Pullman Company is simply a hotel company on wheels. It provides lodging and rest for the weary, and meals for the hungry. It does not make any contract to carry a passenger. It will not even sell him a berth until he shows that he has paid the railroad company for his transportation. The Pullman Company receives pay only for the incident. In case of an accident to a passenger caused by a defect in a Pullman palace car in which he is travelling the railroad company is alone held liable, for the car must be turned over to that company in good order, and be approved by its general superintendent, and if it gets out of order it is the fault of the railroad company. The Act of 1879 does not tax receipts incident to transportation, but only those for transportation. These receipts are derived by the railroad company, which does pay the tax thereon.

The tax is imposed upon property not within the jurisdiction of the state, and is therefore in violation of a necessary implication of the Federal Constitution : State Freight Tax, 15 Wall. 232; Ins. Co. of N. A. v. Commonwealth, 6 Norris 173. While there is no express provision in the Federal Constitution which forbids the taxation of property without the jurisdiction of a state, the owner being within the jurisdiction, there is, nevertheless, a necessary implication that the sovereignty of each state shall extend only to property within its jurisdiction : St. Louis v. The Ferry Company, 11 Wall. 423. But in the case at bar the state has jurisdiction neither

of the person nor of the property. The plaintiff in error is a corporation of Illinois, has its domicile there, and cannot migrate to another sovereignty: Potter on Corporations § 10; Bank of Augusta *v.* Earle, 13 Pet. 586; Paul *v.* Virginia, 8 Wall. 168; St. Louis *v.* Ferry Co., 11 Id., 423; Commonwealth *v.* Standard Oil Co. 5 Out. 119.

The tax is in violation of the inter-state commerce clause of the Federal Constitution. The court below found, as facts, that " Most of these cars run and carry their passengers from some other state into Pennsylvania, or from the latter into some other state, and many of them run continuously through this state." Also: " The gross receipts upon which tax is charged in the settlement appealed from accrued from the business carried on by defendant in this state in the manner above stated, a large proportion thereof having been received from passengers carried into, out of, or through the state. These receipts went into the general treasury of the company." This case differs essentially from State Tax on Gross Receipts, 15 Wall. 284, and Phila. & Southern Mail S. S. Co. *v.* Commonwealth, 8 Out. 109, the corporations in those cases being domestic corporations. In the present case the conditions are all reversed. The fund is not here. The corporation is not here. Its principal office is not here, and it has derived no power whatever from this state. If taxable at all, it is taxable simply because some of the passengers, from whom the fund in its treasury at Chicago was derived, were transported over Pennsylvania soil on their way to or from points in other states. This corporation has no franchise from the state of Pennsylvania, and needs none. If its business is transportation it is inter-state transportation, and it cannot be excluded or taxed: Paul *v.* Virginia, 8 Wall. 168; Pensacola Tel. Co. *v.* W. U. Tel. Co., 6 Otto 1; Indiana *v.* Pullman Palace Car Co., 16 Fed. Rep. 193. The last cited case was similar to this, and the opinion of GRESHAM, J., covers the case at bar.

The utmost that may be admitted is that the plaintiff in error is sufficient of a transportation company to make it liable to tax on gross receipts for business done solely within the state of Pennsylvania—not " into, through and out of " said state.

*Robert Snodgrass*, deputy attorney-general, and *Lewis C. Cassidy*, attorney-general, for the Commonwealth.—That it was the legislative *intent* to tax this company is shown by the express naming in the Act of " any palace car or sleeping car company," and this express intent cannot be negatived by a technical construction of the words " transportation business."

[Palace Car Co. v. Commonwealth.]

The Act requires the corporations named to make return of gross receipts " derived from all sources."

The tax in this case is not obnoxious to the Federal Constitution. It is not upon the property or franchise of the corporation, but, we contend, upon the business done within the state, measured in amount by the extent of such business or the degree to which its franchise is exercised in its transaction : State Tax on Railway Gross Receipts, 15 Wall. 294. If it is " doing business " within the state, it is sufficiently here, both in person and property, to bring it within the taxing power of the state in respect to the business done within her borders. In the transaction of such business it enjoys the protection of the Commonwealth, and is subject to liability to taxation so long as the tax is not laid directly upon the subjects of commerce, but upon the business, measured by the extent to which the franchise is exercised.

Mr. Justice TRUNKEY delivered the opinion of the court, October 6th, 1884.

The Act of June 7th, 1879, sec. 7, P. L. 112, imposes the same rate of tax upon the gross receipts from business done within this state by foreign corporations as upon corporations created by this Commonwealth. No discrimination is made against the foreign—none of their receipts are liable to the tax, except for business done within this state, and all the receipts of the domestic from their entire business, wherever it may be done, are liable. There is no attempt in the statute to exclude foreign corporations as carriers of passengers, or to charge any corporations for the privilege of engaging in commerce. This statute differs in some respects from the Act of March 29th, 1881, in Indiana, which was held to be violative of the Constitution of the United States by the Circuit Court, District of Indiana.

A state has power to tax the gross receipts of transportation companies, incorporated under its laws, engaged in the business of transporting passengers and freight out of, into, through, and within the state: State Tax on Foreign-held Bonds, 15 Wall. 300. Upon the authority of that case, the court below ruled that the Act of 1879 was not in conflict with any provision of the Constitution of the United States. The statute should be held valid by the state courts unless it is palpably unconstitutional, for their decision that the statute is invalid is final. We are not convinced that it is plainly unconstitutional, and, therefore, affirm the judgment on the opinion of the learned judge of the Common Pleas.

Judgment affirmed.